**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MARY KAY INC., <br><br>     *Plaintiff,* <br><br> v. <br><br> RETAILMENOT, INC., <br><br>     *Defendant.* | Civil Action No. 3:15-cv-00825-L |

## RETAILMENOT, INC.'S ANSWER TO COMPLAINT

Defendant RetailMeNot, Inc. ("RetailMeNot"), by and through its attorneys, answers the Original Complaint ("Complaint") of Plaintiff Mary Kay Inc. ("Plaintiff" or "Mary Kay") as follows.  For convenience, RetailMeNot uses the same headings used in Plaintiff's Complaint.

## PRELIMINARY STATEMENT

Free and open public discourse regarding merchants, the products and services they offer, and the prices for which they are offered is protected by well-established legal principles embedded in trademark law and the First Amendment.  In order for this discourse to be effective, commentators and other speakers—whether they be journalists, reviewers, critics or operators of websites that provide valuable consumer information like RetailMeNot—necessarily need to refer to merchants and brands by name.

By bringing its lawsuit, Mary Kay seeks to stifle the free flow of online information about its business practices.  Mary Kay apparently believes that RetailMeNot, the world's largest source of information about online deals and coupons, violates the law when it publishes information about Mary Kay and its product offerings such as descriptions of the types of deals

offered by Mary Kay's own representatives on marykay.com.   Remarkably, Mary Kay's lawsuit goes so far as to call for an order prohibiting RetailMeNot from using the phrase "Mary Kay" in any way whatsoever.

If Mary Kay's legal theories are correct, and a brand owner like Mary Kay could unilaterally shut down RetailMeNot's ability to reference merchants and brands by name, then millions of RetailMeNot users would lose the ability to turn to RetailMeNot for online coupon and deal information for those products and services. Under Mary Kay's legal theories, brand owners would be able to unilaterally restrict freedom of speech and limit consumers' freedom of choice, which would render the Internet less open, less informative, and less useful as a tool for consumers seeking to search for, share, gather and discuss information about merchants and the products and services they offer in the marketplace.

Fortunately, Mary Kay's distorted view of the law is wrong.

Mary Kay cannot ignore well-established legal principles in its campaign to suppress the online dissemination of information about Mary Kay and its products.  Trademark law does not give brand owners the unrestricted power to prohibit all online references to their brand or all online discussion of their products through websites and online service providers like RetailMeNot.  RetailMeNot's actions are not causing confusion and cause no harm to consumers.  Apparently, Mary Kay does not want RetailMeNot or others to post coupon and deal information to RetailMeNot's website for the benefit of consumers and does not want RetailMeNot to be able to even talk about Mary Kay at all. Mary Kay's actions have forced RetailMeNot to litigate this case and defend these important principles that are at the core of its right to provide consumers with information about brands like Mary Kay as part of a free and open Internet.

## PARTIES

1.      RetailMeNot is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies them.

2.      RetailMeNot admits paragraph 2.

## JURISDICTION AND VENUE

3.      RetailMeNot admits that district courts have original jurisdiction of trademark actions under 15 U.S.C. § 1051.

4.      RetailMeNot admits that it is subject to this Court's personal jurisdiction, but denies that venue is convenient for RetailMeNot and its witnesses and RetailMeNot reserves its right to seek transfer pursuant to 28 U.S.C. § 1404.

5.      RetailMeNot admits that venue is proper in this Court, but denies that venue is convenient for RetailMeNot and its witnesses and RetailMeNot reserves its right to seek transfer pursuant to 28 U.S.C. § 1404. RetailMeNot denies the remaining allegations in paragraph 5 of the complaint relating to the location of "Mary Kay's valuable intellectual property rights."

## BACKGROUND

**A.      Mary Kay's Business Model**

6.      RetailMeNot is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6, and therefore denies them.

7.      RetailMeNot is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7, and therefore denies them.

8.      RetailMeNot is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8, and therefore denies them.

9.      RetailMeNot is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9, and therefore denies them.

**B.      Mary Kay's Trademarks**

10.     RetailMeNot is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10, and therefore denies them.

11.     RetailMeNot is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11, and therefore denies them.

**D.      RMN's Digital Marketplace**

12.     RetailMeNot admits that, as of the date Mary Kay filed its Complaint, the allegations in paragraph 12 were correct.

13.     RetailMeNot admits that, as of the date Mary Kay filed its Complaint, the allegations in paragraph 13 were correct.

14.     RetailMeNot admits that, as of the date Mary Kay filed its Complaint, the allegations in paragraph 14 were correct.

**E.      RMN's Fraudulent Use of Mary Kay's Trademarks**

15.     RetailMeNot admits that Mary Kay has communicated information concerning Mary Kay's purported business practices to RetailMeNot. RetailMeNot is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 15, and therefore denies them.

16.     RetailMeNot admits that "sales," "deals," and "other coupon codes" are included on the RetailMeNot website. RetailMeNot denies the remaining allegations of paragraph 16.

17.     RetailMeNot admits that "sales" and "codes" are included on the RetailMeNot website. RetailMeNot denies the remaining allegations of paragraph 17.

18.     RetailMeNot admits that "sales" and "codes" are included on the RetailMeNot website. RetailMeNot denies the remaining allegations of paragraph 18.

19.     RetailMeNot admits that its website contains a "frequently asked questions" section, which includes answers to the question of "how do I submit a coupon to the site" as expressly stated therein. RetailMeNot denies the remaining allegations of paragraph 19.

20.     RetailMeNot admits that its website sets forth terms of use, including a paragraph 2.5 pertaining to the grant of a license for RetailMeNot to use content provided by users as expressly stated therein. RetailMeNot denies the remaining allegations of paragraph 20.

21.     RetailMeNot denies the allegations of paragraph 21.

22.     RetailMeNot is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 22, and therefore denies them. RetailMeNot denies the remaining allegations of paragraph 22.

23.     RetailMeNot denies the allegations of paragraph 23.

24.     RetailMeNot denies the allegations of paragraph 24.

25.     RetailMeNot is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence of paragraph 25, and therefore denies them. RetailMeNot denies the remaining allegations of paragraph 25.

26.     RetailMeNot denies the allegations of paragraph 26.

27.     RetailMeNot denies the allegations of paragraph 27.

28.     RetailMeNot denies the allegations of paragraph 28.

29.     RetailMeNot admits that the parties have communicated at various times since January 2014. RetailMeNot denies the remaining allegations of paragraph 29.

30.     RetailMeNot denies the allegations of paragraph 30.

## COUNT I: Trademark Infringement (15 U.S.C. § 1114)

31.     RetailMeNot restates its responses and allegations set forth above in Paragraphs 1 through 30 as if separately set forth herein.

32.     RetailMeNot denies all allegations in paragraph 32.

33.     RetailMeNot denies all allegations in paragraph 33.

34.     RetailMeNot denies all allegations in paragraph 34.

## COUNT II: Unfair Competition (15 U.S.C. § 1125(a))

35.     RetailMeNot restates its responses and allegations set forth above in Paragraphs 1 through 34 as if separately set forth herein.

36.     RetailMeNot denies all allegations in paragraph 36.

37.     RetailMeNot denies all allegations in paragraph 37.

38.     RetailMeNot denies all allegations in paragraph 38.

39.     RetailMeNot denies all allegations in paragraph 39.

40.     RetailMeNot denies all allegations in paragraph 40.

41.     RetailMeNot denies all allegations in paragraph 41.

42.     RetailMeNot denies all allegations in paragraph 42.

## COUNT III: False Advertising (15 U.S.C. § 1125(a))

43.     RetailMeNot restates its responses and allegations set forth above in Paragraphs 1 through 42 as if separately set forth herein.

44.     RetailMeNot denies all allegations in paragraph 44.

45.     RetailMeNot denies all allegations in paragraph 45.

46.     RetailMeNot denies all allegations in paragraph 46.

47.     RetailMeNot denies all allegations in paragraph 47.

48.     RetailMeNot denies all allegations in paragraph 48.

49.     RetailMeNot denies all allegations in paragraph 49.

50.     RetailMeNot denies all allegations in paragraph 50.

51.     RetailMeNot denies all allegations in paragraph 51.

## COUNT IV: Trademark Dilution (15 U.S.C. § 1125(c))

52.     RetailMeNot restates its responses and allegations set forth above in Paragraphs 1 through 51 as if separately set forth herein.

53.     RetailMeNot denies all allegations in paragraph 53.

54.     RetailMeNot denies all allegations in paragraph 54.

55.     RetailMeNot denies all allegations in paragraph 55.

56.     RetailMeNot denies all allegations in paragraph 56.

57.     RetailMeNot denies all allegations in paragraph 57.

58.     RetailMeNot denies all allegations in paragraph 58.

59.     RetailMeNot denies all allegations in paragraph 59.

60.     RetailMeNot denies all allegations in paragraph 60.

## COUNT V: Unfair Competition (Texas Common Law)

61.     RetailMeNot restates its responses and allegations set forth above in Paragraphs 1 through 60 as if separately set forth herein.

62.     RetailMeNot denies all allegations in paragraph 62.

## COUNT VI: Injunctive Relief

63.     RetailMeNot restates its responses and allegations set forth above in Paragraphs 1 through 62 as if separately set forth herein.

64.     RetailMeNot denies all allegations in paragraph 64.

## REQUEST FOR JURY TRIAL

65.     RetailMeNot admits that Plaintiff demands a trial by jury, but denies that Plaintiff is entitled to a jury trial for any claims where the law does not provide for such a right.

## PRAYER FOR RELIEF

66.     Paragraphs (a) through (g) of the section entitled "Prayer" in the Complaint purport to set forth a prayer for relief requested by Mary Kay to which no response is required. For the avoidance of doubt, RetailMeNot denies that Mary Kay is entitled to the relief sought, or to any other relief, against RetailMeNot.

## GENERAL DENIAL

RetailMeNot denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that is not expressly admitted in this pleading.

## DEFENSES

Incorporating by reference the foregoing paragraphs in their entirely and without assuming any burden properly placed on Plaintiff, RetailMeNot asserts the following defenses to Plaintiff's Complaint.

### FIRST DEFENSE – LACHES, ESTOPPEL, ACQUIESCENCE, AND/OR UNCLEAN HANDS

67.     Mary Kay has known or should have known of the Mary Kay merchant page on the RetailMeNot website for since at least as early as February 2010, more than four years prior to the filing of the Complaint.

68.    Mary Kay's delay is inexcusable, reflects acquiescence to RetailMeNot's use of the Mary Kay mark, has prejudiced RetailMeNot, and serves to bar its claims.

69.    Further, Mary Kay's claims are barred because at least part of the confusion complained of is due to Mary Kay's own conduct and business practices and/or the conduct of Mary Kay's independent beauty consultants ("IBCs"). For example, Mary Kay permits and provides the functionality for its IBCs to offer and accept promotion codes, discounts, coupons, and/or sales on each IBC's personal Mary Kay website and allows its IBCs to promote such sales information through various channels (such as social media platforms) with full knowledge that such promotions are likely to be further disseminated on any number of other websites (including, but not limited to, RetailMeNot). For further example, Mary Kay's own website provides the distinct impression that Mary Kay sells directly to the public. When shopping on the Mary Kay website, a customer can select a product, add it to their online "shopping bag," and continue through the checkout process of entering the customer's address and credit card information before being opaquely informed that the purchase is purportedly being made through an IBC as opposed to Mary Kay directly.

## SECOND DEFENSE – NOMINATIVE FAIR USE

70.    The nominative fair use doctrine allows one to use another's trademark to truthfully identify the other's goods or services in order to describe the mark holder's product or service and to inform the public about a mark holder's product or service so long as one conveys the information "fairly."

71.    RetailMeNot does just that. RetailMeNot uses only so much of the Mary Kay mark as necessary to identify Mary Kay's product and/or service and does nothing to suggest affiliation or sponsorship with, or endorsement by Mary Kay. By way of example, RetailMeNot

currently references Mary Kay on RetailMeNot's website and mobile applications with a generic typeface and without Mary Kay's stylized logo or any other of Mary Kay's trade dress.

72.     Accordingly, Mary Kay's claims are barred by the nominative fair use doctrine.

## THIRD DEFENSE – FIRST AMENDMENT

73.     Mary Kay's request for relief expressly calls for an order prohibiting RetailMeNot from using the Mary Kay mark in any way whatsoever.

74.     Mary Kay's requested relief is facially overbroad and improper. RetailMeNot (and indeed, any other party) has a fundamental right under the First Amendment to use the Mary Kay mark to reference Mary Kay, describe Mary Kay's products or services, or disseminate information about its online offerings to the public.

75.     As set forth above, RetailMeNot uses the Mary Kay mark to reference Mary Kay, describe Mary Kay's products or services, or disseminate information about its online offerings to the public.

76.     Therefore, any injunctive relief afforded must be narrowly tailored to take into account First Amendment concerns, which will fall far short of the relief requested by Mary Kay.

## FOURTH DEFENSE – COMMUNICATIONS DECENCY ACT § 230

77.     The Communications Decency Act immunizes online intermediaries that host or republish information provided by another information content provider against a range of laws, including state unfair competition laws, that might otherwise be used to hold them legally responsible for what others say and do. 47 U.S.C. § 230(c)(1).

78.     To the extent Mary Kay's claims are based upon the information displayed by RetailMeNot that constitutes user-generated content received from third parties (such as Mary

Kay IBCs), RetailMeNot is a provider of interactive computer services and entitled to immunity pursuant to the Communications Decency Act.

79. Accordingly, Mary Kay's state law claims fail.

## FIFTH DEFENSE – FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

80. Mary Kay's Complaint fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE – FAILURE TO MITIGATE DAMAGES

81. Mary Kay has failed to mitigate damages.

## RESERVATION OF DEFENSES

82. RetailMeNot hereby reserves the right to supplement with additional defenses as discovery proceeds in this matter.

## PRAYER

WHEREFORE, RetailMeNot requests judgment as follows:

A. That Mary Kay take nothing by way of its Complaint, and that the Complaint be dismissed with prejudice;

B. That RetailMeNot recover its costs, including reasonable attorneys' fees, to the extent permitted by law; and

C. For any and all additional relief to which RetailMeNot is entitled in law or equity.

Dated:  May 21, 2015                              **PILLSBURY WINTHROP SHAW**
                                                 **PITTMAN LLP**

                                                 /s/*Edward A. Cavazos*
                                                 Edward A. Cavazos
                                                 Texas State Bar No. 00787223
                                                 ed.cavazos@pillsburylaw.com
                                                 Benjamin L. Bernell
                                                 Texas State Bar No. 24059451
                                                 ben.bernell@pillsburylaw.com
                                                 PILLSBURY WINTHROP SHAW PITTMAN LLP
                                                 111 Congress Ave., Suite 400
                                                 Austin, Texas 78701
                                                 Tel: (512) 375-4907
                                                 Fax: (512) 375-4901

                                                 Bobby A. Ghajar (*application to appear pro
                                                 hac vice to be filed*)
                                                 California State Bar No. 198719
                                                 bobby.ghajar@pillsburylaw.com
                                                 PILLSBURY WINTHROP SHAW PITTMAN LLP
                                                 725 South Figueroa Street, Suite 2800
                                                 Los Angeles, California 90017-5406
                                                 Tel: (213) 488-7100
                                                 Fax: (213) 629-1033

                                                 Mark A. Lemley (*application to appear pro
                                                 hac vice to be filed*)
                                                 California State Bar No. 155830
                                                 Michael H. Page (*application to appear pro
                                                 hac vice to be filed*)
                                                 California State Bar No. 154913
                                                 Zac A. Cox (*application to appear pro hac
                                                 vice to be filed*)
                                                 California State Bar No. 283535
                                                 DURIE TANGRI LLP
                                                 217 Leidesdorff Street
                                                 San Francisco, California 94111
                                                 Tel: (415) 362-6666
                                                 Fax: (415) 236-6300

                                                 Anthony M. Garza
                                                 Texas State Bar No. 24050644
                                                 agarza@ccrglaw.com
                                                 CHARHON CALLAHAN ROBSON & GARZA,
                                                 PLLC
                                                 3333 Lee Parkway, Suite 460

Dallas, Texas 75219
Tel:  (214) 521-6400
Fax:  (214) 764-8392

***Counsel for Defendant
RetailMeNot, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

On May 21, 2015 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ *Edward A. Cavazos*
Edward A. Cavazos